## J. G. HOLLOWAY'S EXR. *v.* MARY D. HARRIS.

[Abstract Kentucky Law Reporter, Vol. 6—658.]

**Widow Estopped from Claiming Dower.**

Where, during the lifetime of a husband, the wife claims a home-
stead in her husband's real estate as against the foreclosure of a
mortgage in which she did not join, claiming it in her own right,
and it has been allowed to her and paid to her out of the proceeds
of the sale, in a suit for dower after her husband's death, where she

alleges that she has received such cash in lieu of her homestead and then has it, a court of equity will charge it to her and her own recitals estop her from saying that it should not be done.

APPEAL FROM McCRACKEN CIRCUIT COURT.

March 31, 1885.

OPINION BY JUDGE HOLT:

The executors of J. G. Holloway brought a suit in 1876 upon a mortgage executed to their testator by John F. Harris upon a house and lot.

The wife of the latter was not made a defendant as she had not united in the mortgage. She, however, appeared and by petition duly verified by her made herself such, in which she alleged, that she was the wife of the defendant; that she had a family of small children; that they were living in the house; that she had never released her potential right of dower in it and claimed it as a homestead; that she then claimed both it and her dower, and asked the chancellor to protect both for her children, and that she be allowed to retain the homestead until both were given to her.

The court by its order appointed commissioners to allot "a homestead of the value of one thousand dollars for the benefit of Mrs. Mary D. Harris and children." They reported that the property was indivisible and thereupon a judgment of sale was rendered, which recited that Mary D. Harris, wife of the defendant, John F. Harris, and their infant children are entitled to a homestead in the aforesaid lot of ground, and it appearing from the report of the commissioners that said property can not be divided for the purpose of setting apart a homestead without materially impairing the value of said property, it is adjudged by the court that the commissioner herein named shall out of the first money collected by him, after paying the costs of this action, pay to Mrs. Mary D. Harris, wife of the defendant herein, one thousand dollars with interest from 6th of August, 1875, which sum shall be in lieu of her right to homestead in said property and her said right is hereby barred forever."

The property was purchased at the commissioner's sale by the executors of Holloway for the use of his heirs.

John F. Harris died in 1880; and upon February 16, 1881, his

widow, the appellee, Mary D. Harris, brought this action for dower in the property.

The appellants resisted it upon the ground among others that she should be charged with the $1,000 she had received, and that it was more than her dower interest was worth. The lower court in allowing her dower refused to charge her, and whether this was error is the principal question presented by this appeal.

As the property was indivisible the court could only specially endow her. It properly refused to either sell the property over the objection of the appellants, or to award her the control of one-third of it in kind. The appointment of a receiver to rent it out with a view of allowing her one-third of the rents was equivalent to the example given in the texts books of a proper endowment to a widow by giving her as dower in a mill every third toll dish or a third of the profits of the entire mill every third month. The court had the power to appoint a receiver and it was a proper mode of adjusting the rights of the parties.

The motion of the appellants to transfer the cause to the equity docket for trial was not made when the answer was filed; but yet when it was made there was no objection to it and owing to the character of the answer it should have been done.

The payment of the $1,000 for the homestead right in the husband's lifetime would not in itself affect the claim to dower as the act of the husband could not bar or forfeit her potential right of dower or create a relinquishment of it. The wife, however, has a sort of equitable interest in the homestead right even during the husband's lifetime because he can not mortgage it without her consent; but inasmuch as it properly belongs to him, the value of it, if paid to him, or to another by his directions can not properly be charged to the wife upon the subsequent claim to dower after his death, unless she has by her own act estopped herself from saying that she ought not to be charged with it. Her right to dower may be lost or affected by bar, forfeiture or relinquishment, and the bar may arise from judicial procedure. She may estop herself from claiming it by her own conduct.

In this instance although the homestead right belonged to the husband, yet she appeared in court and claimed it as her own. It was adjudged to her upon her own petition and the value of it was

in fact paid to her. It is alleged in the rejoinder that she now has it, and the demurrer admits this as true. In fact in this suit she says in the reply first filed by her that "her dower is worth and was on February 16, 1881, worth as she believes, more than what she has received as the value of her homestead, viz., $1,000. She denies that her homestead was and is worth more than her dower right ever was worth."

In a second reply she does not withdraw any of the statements in the first one but attempts to avoid their effect by saying that the money was received in her husband's lifetime.

If a person claims as his own, and in fact receives a certain portion of property, when he is not entitled to it, but subsequently acquires the right to it, it would certainly be inequitable for him to again demand it, and if he did no court would allow it. It is true the statute relating to the homestead contemplates that it shall be charged in the allotment of dower, when it is exempted to the widow after the husband's death; but where during his lifetime she has claimed it in her own right, and it has been so allowed and paid to her; and in a suit for dower after his death, she alleges in her own pleading that she has received it and now has it, a court of equity would but serve as an instrument of injustice if it did not charge it to her; and her own recitals estop her from saying that it should not be done. She solemnly admits that she already has what the law has seen fit to provide for her, and she can not be allowed to say that she ought not to be charged with it, because when she got it, it belonged to another, inasmuch as she claimed it in her own right, and even now admits that she has it. It represents that much of the property and as she already has it equitably it must be treated as a satisfaction pro tanto of her claim to dower. She has accepted an interest out of the dowable estate, which is equitably inconsistent to its extent with her right of dower in the estate, and this interest being now in her possession, as she admits, the provision of the statute providing that the homestead right shall be estimated in the allotment of dower is applicable. 2 Scrivner on Dower 259.

As she claims, however, that her dower right in the property is worth more than the $1,000, the court below must ascertain and settle the rights of the parties, but in doing so she must be charged

with the $1,000, and the judgment below is reversed for further proceedings consistent with this opinion.

Judgment *reversed.*

*L. P. Little, Joe M. Carroll, Henry Burnett, for appellant..*

*Thomas E. Moss, for appellee.*

[Cited, *Hill v. Bourne,* 9 Ky. L. 549, 5 S. W. 472.]

